IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHEASTERN DIVISION

William Scott Rice,                     )
                                        )
                    Plaintiff,          )        **ORDER VACATING**
                                        )        **ENTRY OF DEFAULT AND**
vs.                                     )        **DISMISSING ACTION**
                                        )
University of North Dakota School of    )
Medicine and Health Sciences,           )        Civil No. 2:07-cv-11
                                        )
                    Defendant.          )


Before the Court is a motion in opposition to default filed by Defendant UND School of

Medicine and Health Sciences ("UND") (Doc. #5).  UND contends the Court lacks personal

jurisdiction over it because service of process was improper, and therefore this action should be

dismissed.  Plaintiff William Rice has filed a brief in opposition (Doc. #6).

## FACTUAL BACKGROUND

The Court notes at the outset that this case is something of a procedural quagmire.  On

February 2, 2007, Rice filed a complaint against UND, alleging violations of Title II of the

Americans with Disabilities Act, section 504 of the Rehabilitation Act, and Title VI of the Civil

Rights Act.  Rice further alleged supplemental state law causes of action for slander and breach of

contract.  The gravamen of Rice's complaint centers around his dismissal from the medical school

at UND in 2000.

The Clerk of Court issued a summons, and on March 14, 2007, Rice filed a document which

purported to be proof of service.  The document was simply a letter addressed "To Whom It May

Concern" which stated, "This PS Form 3811 is Proof of Summons.  Please contact me if you have

1

any questions."   A certified mail receipt addressed to "Dr. Charles E. Kupchella, President, University of North Dakota" was photocopied on the bottom of the letter.  The receipt was signed by "C Jens" and dated February 26, 2007.

No further action occurred in this case until October 26, 2007, when the docket reflects that the Clerk's office apparently contacted Rice for a report as to the status of the action.  On November 15, 2007, the Clerk of Court entered default against UND.  As an attachment to the entry of default, the Clerk filed a Motion for Default brought by Rice, and served by mail upon both the Clerk's office and "Dr. Charles E. Kupchella, President, University of North Dakota."

Shortly thereafter, on November 19, 2007, UND filed a Memorandum in Opposition to Motion for Default.  UND contends that it was never properly served with the summons and complaint in this matter,[1] and therefore the Court lacks personal jurisdiction to enter default against it.  UND further contends this action should be dismissed under Rule 4(m), Fed. R. Civ. P., because service was not effectuated within 120 days after the complaint was filed.  Rice opposes dismissal, arguing that UND was properly and effectively served.  In the alternative, Rice requests additional time to effect service "since Defendant is concealing the fact that a copy of both the summons and complaint were received by an appropriate agent of the defendant."  On May 6, 2008, the Court held a hearing on ths matter, and the parties persisted in the positions set forth in their briefs.

---

[1]  UND asserts in its brief that Rice failed to include a copy of the complaint in the documents he served by certified mail on February 26, 2007.  On the other hand, Rice contends that he did serve a copy of the complaint along with the summons.  Neither party has made these statements in an affidavit or other sworn document, although the Court notes that Rice's proof of service letter refers only to "Proof of Summons" and does not mention the complaint.  At any rate, the Court need not resolve this factual dispute because Rice clearly failed to comply with the service requirements of Rule 4, Fed. R. Civ. P., in other respects.

## **DISCUSSION**

It is axiomatic that the court lacks jurisdiction over a defendant who has been improperly served.  See Dodco, Inc. v. Am. Bonding Co., 7 F.3d 1387, 1388 (8th Cir. 1993); see also Olsrud v. Bismarck-Mandan Orchestral Assoc., 2007 ND 91, ¶ 9, 733 N.W.2d 256, 260.  Plaintiffs are responsible for obtaining proper service on defendants and making appropriate proof of service to the court.  See Fed. R. Civ. P. 4(l); Atkinson v. Frank, No. 93-1385, 1993 WL 263110, at *1 (8th Cir. July 14, 1993).  Therefore, in order to determine whether entry of default was appropriate in this case, the Court must first decide whether Rice properly served UND with the summons and complaint within the meaning of Rule 4, Fed. R. Civ. P.

UND is a public university which is part of the North Dakota University System and governed by the State Board of Higher Education.  As a branch of the state, UND must be served in accordance with the provisions of Rule 4(j), Fed. R. Civ. P., which governs service on state and local governments.  Rule 4(j) provides, in relevant part:

> A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:
> (A) delivering a copy of the summons and of the complaint to its chief executive officer; or
> (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

Thus, Rice could have complied with the requirements of Rule 4 by properly serving UND under either federal law, as set forth in subdivision (a), or state law, as set forth in subdivision (b).  Service of process upon the state under North Dakota law is governed by Rule 4(d)(2)(F), N.D. R. Civ. P., which provides for the following method of service:

> [U]pon the state, by delivering a copy of the summons to the governor or attorney general or an assistant attorney general and, upon an agency of the state, such as the Bank of North Dakota or the State Mill and Elevator Association, by delivering a

copy of the summons to the managing head of the agency or to the attorney general
or an assistant attorney general.

Both the federal rule and the North Dakota rule require that service be made by "delivery" upon the state.  It is well-established that "delivering" is a term of art which requires personal service upon the particular individuals designated to accept service, and that service by mail, even certified mail, does not constitute delivery.  See Larsen v. Mayo Med. Ctr., 218 F.3d 863, 868 (8th Cir. 2000); Riemers v. State, 2006 ND 162, ¶ 6, 718 N.W.2d 566, 567; see also Gilliam v. County of Tarrant, 94 Fed. Appx. 230, 230 (5th Cir. 2004) (citing Peters v. United States, 9 F.3d 344, 345 (5th Cir. 1993)).

Applying the foregoing principles to the facts of this case, it is clear that Rice's attempted service upon UND was insufficient.  Even viewing the facts most favorably to Rice, and assuming that he included a copy of the complaint along with his summons, a proposition which UND disputes, his service of the documents by certified mail simply cannot constitute "delivering" under either federal or North Dakota law.  Therefore, because Rice's attempted service upon UND was improper,[2] it necessarily follows that this Court lacked jurisdiction to enter default against UND. The Clerk's Entry of Default is hereby VACATED.

The next issue for the Court to consider is whether Rice's action should be dismissed for failure to serve UND within the time limit prescribed by Rule 4(m), Fed. R. Civ. P., or whether the time for service should be extended.  UND has moved for dismissal, and Rice requests an extension

---

[2] Furthermore, the Court notes that Rice's attempted service upon Charles Kupchella, the president of UND, may also have been improper.  Personal service upon the governor, the attorney general, or an assistant attorney general clearly would have satisfied the provisions governing service of process upon the state.  However, it is less clear whether UND may also be considered a separate "agency of the state," with President Kupchella as its "managing head," or whether the State Board of Higher Education is the relevant agency, with the chairman of that Board as the managing head who should be personally served with process.  There appears to be no North Dakota case law on this issue.

of time to effectuate proper service.  Rice alleges that UND is concealing the fact that an appropriate

agent received a copy of both the summons and complaint, and that he should protected from the

consequences of confusion because he is proceeding pro se.

"The plaintiff is responsible for having the summons and complaint served within the time

allowed by Rule 4(m)."  Fed. R. Civ. P. 4(c)(1).  Rule 4(m), Fed. R. Civ. P., provides in relevant

part:

> If a defendant is not served within 120 days after the complaint is filed, the court–on
> motion or on its own after notice to the plaintiff–must dismiss the action without
> prejudice against that defendant or order that service be made within a specified
> time.  But if the plaintiff shows good cause for the failure, the court must extend the
> time for service for an appropriate period.

Therefore, under the plain language of the rule, if the plaintiff had good cause for failing to serve

within the 120-day time period, the time for service must be extended.  See Adams v. AlliedSignal

Gen. Aviation Avionics, 74 F.3d 882, 887 (8th Cir. 1996).  Even if plaintiff fails to show good

cause, the district court has the discretion to extend the time for service, rather than dismissing the

case without prejudice.  Id.; see also Colasante v. Wells Fargo Corp., 81 Fed. Appx. 611, 613 (8th

Cir. 2003).

A showing of good cause requires at least good faith and some reasonable basis for

noncompliance with the rules.  Adams, 74 F.3d at 887.  Good cause exists only when some outside

factor, such as evasion of service by the defendant or reliance on faulty advice, rather than

inadvertence or negligence by the plaintiff, prevented timely service. See Lepone-Dempsey v.

Carroll County Comm'rs, 476 F.3d 1277, 1281 (11th Cir. 2007); Coleman v. Milwaukee Bd. of Sch.

Directors, 290 F.3d 932, 934 (7th Cir. 2002).

5

The Court notes that the parties gave scant attention to Rule 4(m) in their briefing and arguments, and neither of them discussed the two different standards which govern extending the time for service under the rule.  Therefore, the Court's analysis on this issue has been reached largely without the benefit of any guidance from the parties.

After carefully reviewing the record, the Court concludes that Rice has not shown good cause for failing to serve UND within the 120-day time period.  Rice essentially asserts that UND is engaging in deception to evade service, and that it actually received a copy of the complaint.  Aside from the fact that Rice's service by certified mail would have been ineffective in any event, even if a copy of the complaint was included with the summons, the Court finds there is no evidence in the record to support Rice's conclusory allegations of deception or misconduct on the part of UND.  Shortly after it received a mailed copy of Rice's motion for entry of default, UND appeared in the action and opposed entry of default on the basis of ineffective service.  UND was under no obligation to appear in the suit earlier, based on Rice's clearly insufficient service by certified mail, simply to inform him of the deficiencies in his service of process.  Furthermore, the record reflects that any deficiencies in service were the result of inadvertence or negligence on the part of Rice, which does not rise to the level of good cause.

Having determined that good cause is lacking in this case, the Court must next determine whether a discretionary extension of the time for service is warranted.  In deciding whether to grant a permissive extension under Rule 4(m), the district court may consider other factors, including the statute of limitations, prejudice to the defendant, actual notice of the lawsuit, and eventual service.  Efaw v. Williams, 473 F.3d 1038, 1041 (9th Cir. 2007).  The district court must weigh on the record

6

the impact that a dismissal or extension would have on the parties.  See Zapata v. City of New York,

502 F.3d 192, 197 (2d Cir. 2007).

Although the statute of limitations is a relevant factor, "the running of the statute of

limitations does not require the district court to extend time for service of process."  Adams, 74 F.3d

at 887 (citation omitted).  Rather, the district court must weigh any resulting prejudice to the parties

which arises from the statute of limitations issue.  See Zapata, 502 F.3d at 198.

> It is obvious that any defendant would be harmed by a generous extension of the
> service period beyond the limitations period for the action, especially if the
> defendant had no actual notice of the existence of the complaint until the service
> period had expired; and it is equally obvious that any plaintiff would suffer by
> having the complaint dismissed with prejudice on technical grounds–this is no less
> true where the technical default was the result of pure neglect on the plaintiff's part.
> But in the absence of good cause, no weighing of the prejudices between the two
> parties can ignore that the situation is the result of the plaintiff's neglect.

Id.

The Court has carefully weighed the competing considerations presented in this case,

including the effect that either dismissal or extension of the time for service would have on the

parties.  If the time for service is extended, UND will undoubtedly suffer prejudice, particularly

based on the fact that the service issue did not arise until about nine months after Rice first filed his

complaint.  Extending the time for service now will require UND to litigate events which occurred

more than eight years ago.  On the other hand, although the facts are rather undeveloped at this point

and it is difficult to predict with any certainty, it appears that Rice may have a statute of limitations

problem as to some of his claims, which would only be exacerbated if this action were dismissed

without prejudice.  As to actual notice of the lawsuit, that factor is difficult to analyze in this case,

because UND alleges it never received the complaint along with the summons, and there are also

questions about whether service was even attempted upon the proper individual.

Although this is a very close case, and undoubtedly any decision will cause hardship to one of the parties, the Court ultimately concludes that a permissive extension of the time for service is not warranted here.  As the plaintiff in this action, Rice bears the burden of properly serving the defendant, and he has completely failed to comply with the rules for service upon the state.  The Court recognizes that Rice is proceeding pro se in this action, but that does not excuse his noncompliance with the procedural rules, nor is it enough to overcome the prejudice that UND would suffer from a lengthy extension of the time for service.  Any prejudice that Rice may suffer from the dismissal of his complaint is a result of his own negligence and inattention to the rules governing proper service.

UND's motion in opposition to default is **GRANTED**, the entry of default is **VACATED**, and this action is hereby **DISMISSED** without prejudice.

**IT IS SO ORDERED.  LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated this 8th day of December, 2008.


_____/s/   Ralph R. Erickson_____
Ralph R. Erickson, District Judge
United States District Court

8